```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

James and Sue Scott, and
Stephen and Ellen St. Louis

   v.                                    Civil No. 06-cv-286-JD
                                              Opinion No. 2007 DNH 062

First American Title
Insurance Company

O R D E R

James and Sue Scott and Stephen and Ellen St. Louis bring claims against First American Title Insurance Company, on their own behalf and on behalf of a putative class, alleging breach of the duty of good faith and fair dealing and unjust enrichment. First American moves to dismiss on the ground that its agents, Advantage Title Services, Inc., and Caruso & Caruso, are indispensable parties. The plaintiffs oppose the motion.

Standard of Review

A defendant may move to dismiss a case for nonjoinder of indispensable parties. 28 U.S.C. § 12(b)(7). Dismissal for nonjoinder is appropriate only if the outsider is both necessary to the case under Federal Rule of Civil Procedure 19(a) and indispensable under Rule 19(b). United States v. San Juan Bay Marina, 239 F.3d 400, 405 (1st Cir. 2001). When deciding a §

12(b)(7) motion, the court must initially accept the allegations in the complaint as true but may also consider extrinsic evidence submitted by the parties.  Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 479-80 (7th Cir. 2001); Raytheon Co. v. Cont'l Cas. Co., 123 F. Supp. 2d 22, 32 (D. Mass. 2000).  The defendant bears the burden of showing that the plaintiff failed to join a necessary and indispensable party.  Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365, 1372 (10th Cir. 1998); Ilan-Gat Eng'rs, Ltd. v. Antigua Int'l Bank, 659 F.2d 234, 242 (D.C. Cir. 1981).

Background

In this case, the plaintiffs allege that James and Sue Scott bought a home in 1999 with a mortgage issued by Ameriquest Mortgage Company, which was covered by title insurance with Ameriquest named as the insured.  The Scotts refinanced in 2003 and purchased First American title insurance for that mortgage through First American's agent, Advantage.  The title insurance on the refinanced mortgage was sold at the standard rate.

Stephen and Ellen St. Louis also had a mortgage, covered by title insurance, which they refinanced in 2003 and again in 2004. In each case, the St. Louises bought title insurance, with their lender named as the insured.  In the refinancing transaction in

2004, First American's agent, Caruso, sold the title insurance at the standard rate.

## Discussion

The plaintiffs allege that First American breached the implied duty of good faith and fair dealing and was unjustly enriched because their title insurance was sold at the standard rate rather than the lower reissue rate.  First American contends that Advantage and Caruso are necessary parties in this case because the plaintiffs' claims are based on the actions of Advantage and Caruso.  First American then asserts that Advantage and Caruso are indispensable because their joinder would destroy complete diversity of citizenship as required by 28 U.S.C. § 1332.  The plaintiffs contest both elements of Rule 19.[1]

A necessary party is one whose absence will prevent complete relief among the current parties or who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect

---

[1] As is noted below, the court need not address the issue of indispensable parties and, therefore, does not address the plaintiffs' questionable assertion that this case is based on federal question jurisdiction through the Class Action Fairness Act.

that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a).  First American asserts that without joinder of Advantage and Caruso "complete relief certainly cannot be granted."  Motion at 4.  First American also asserts that without joinder, the plaintiffs could bring claims in state court against Advantage and Caruso "and possibly subject First American to inconsistent liability."  Id.

In support of its Rule 19 theory, First American relies heavily on an unpublished disposition, Z & B Enters., Inc. v. Tastee-Freez Int'l, Inc., 2006 WL 123775 (1st Cir. Jan. 18, 2006).  In that case, the plaintiffs sued Tastee-Freez after purchasing a franchise that did not work out as expected.  Id. at *1.  The plaintiffs purchased the franchise from "JF" under a contract between them, and never signed a franchise agreement with Tastee-Freez.  Id.  The plaintiffs also entered a contract related to the franchise with "ATF."

When the franchise failed, the plaintiffs brought suit against JF and ATF in state court, and at the same time sued Tastee-Freez in federal court.  Id.  In federal court, the plaintiffs alleged claims against Tastee-Freez based on derivative liability for the actions of JF and ATF and on the

4

indemnity provision in the franchise agreement that the plaintiffs never signed. Id. The plaintiffs also sought rescission of their contracts with JF and ATF. The district court concluded that JF and ATF were indispensable parties and dismissed the case.

On appeal, the First Circuit concluded that JF and ATF were necessary parties under Rule 19(a) because the plaintiffs were seeking rescission of their contracts with JF and ATF, which relief could not be granted in their absence. The court also concluded that the plaintiffs' federal claims in combination with their state court suit against JF and ATF could subject Tastee-Freez to inconsistent liability or double obligations. Id. at *2. Dismissal of the case based on Rule 19(b) was affirmed.

As an initial matter, First American failed to note that "[w]hile an unpublished opinion of [the First Circuit] may be cited . . . , a panel's decision to issue an unpublished opinion means that the panel sees no precedential value in that opinion." 1st Cir. R. 36.0(c). Therefore, the Tastee-Freez opinion carries little or no weight in deciding matters in this case. See In re Merrimac Paper Co., Inc., 420 F.3d 53, 60 (1st Cir. 2005).

In addition, First American misunderstands the basis for the court's conclusion in Tastee-Freez. Before addressing the merits of the Rule 19 issue, the First Circuit considered "the

5

relationships between the present and absent parties, and Plaintiffs' theories for imposing liability upon [Tastee-Freez] for the actions of its alleged agents." Id. at 3.  The court noted that while JF and ATF were responsible for most of the actions that formed the basis of the plaintiffs' claims against Tastee-Freez, the plaintiffs had failed to show that JF and ATF were acting as Tastee-Freez's agents.  The court also noted that the plaintiffs claimed that Tastee-Freez's liability arose from an indemnity provision in the franchise agreement, which did not apply to the plaintiffs who had not signed a franchise agreement, but could obligate Tastee-Freez to indemnify JF under the franchise agreement between them.

In applying Rule 19(a), the First Circuit concluded that JF and ATF were necessary parties because of the plaintiffs' claim for contract rescission could not be completely resolved without them and because of the implications of the indemnity provision.  The court did not find, as First American represents, that JF and ATF were necessary parties because they were Tastee-Freez's agents and were responsible for the actions that formed the basis of the plaintiffs' claims.

In this case, First American does not dispute that Advantage and Caruso were acting as its agents in the challenged

transactions with the Scotts and St. Louises.[2]  The plaintiffs do not seek rescission of agreements with Advantage and Caruso.  No parallel action is pending in state court.  Further, First American has not suggested that the plaintiffs' claims are based on contract provisions that would raise obligations owed by Advantage or Caruso to First American, or vice versa.  Therefore, the analysis in the Tastee-Freez case is inapposite here.

First American also asserts that the plaintiffs' good faith and fair dealing claim raises issues that can only be resolved by including its agents as parties.  In support of that theory, First American argues that because the agents sold the insurance to the plaintiffs they are responsible for any breach of the duty of good faith and fair dealing.  Although the argument is difficult to follow, First American appears to contend that because its agents' actions caused the alleged breach, they must be parties.  That argument ignores the doctrine of vicarious liability.  To the extent First American argues that adjudication of the claim could cause harm to Advantage and Caruso based on evidence of their alleged misconduct, that is an insufficient basis for finding them to be necessary parties.  See Pujol v.

---

[2]It is established in New Hampshire, "that the insurance agent's acts are imputed to the insurer to the extent permitted by common law, and the insurer is bound by those acts." Hodge v. Allstate Ins. Co., 130 N.H. 743, 745 (1988).

Shearson/Am. Express, Inc., 877 F.2d 132, 136-37 (1st Cir. 1989). In addition, because discovery is available from third parties, such as Advantage and Caruso, it is not necessary to join them as parties to obtain information material to the case from them. See John Carr Powers v. City of Seattle, --- F.3d ---, 2007 WL 1140426 at *2 (W.D. Wash. Apr. 16, 2007).

First American contends that the agents are necessary to the unjust enrichment claim because they calculated the premiums that were charged, had "first hand knowledge of the alleged overcharge," and retained most of the premiums. The agents' involvement in the transactions does not demonstrate that complete relief cannot be granted between the present parties or that the agents have an interest in the litigation that requires their participation as parties. See Fed. R. Civ. P. 19(a); Pujol, 877 F.3d at 126-37. Again, the agents' involvement in and knowledge of circumstances that are the basis for the claims in this case are matters for discovery not joinder.

Because First American has not shown that Advantage and Caruso are necessary parties, there is no need to address the indispensable party analysis under Rule 19(b).

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion to dismiss (document no. 42) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 3, 2007

cc: Christopher D. Baucom, Esquire
    Elizabeth T. Ferrick, Esquire
    Wilbur A. Glahn, III, Esquire
    Douglas W. King, Esquire
    Charles A. Newman, Esquire
    Edward K. O'Brien, Esquire