UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

James and Sue Scott and
Stephen and Ellen St. Louis

        v.                              Civil No. 06-cv-286-JD
                                        Opinion No. 2007 DNH 144

First American Title
Insurance Company


                          O R D E R

        James and Sue Scott and Stephen and Ellen St. Louis brought
claims against First American Title Insurance Company, on their
own behalf and on behalf of a putative class, alleging breach of
the duty of good faith and fair dealing and unjust enrichment.
In the course of the litigation, the parties reached a settlement
and have filed a joint motion for preliminary approval of their
settlement agreement and stipulation.  Because the proposed class
was not certified prior to settlement, the parties' present
motion also seeks certification of the class.


                         Background

        The Scotts and the St. Louises bought title insurance from
First American when they refinanced the mortgages on their homes.
They allege that First American is required to charge a lower
rate for its premiums when the title insurance policy is reissued

for a refinanced mortgage and certain conditions are met.  The plaintiffs argue that a lower reissue rate is required because the title search process is expedited by the existence of a previous title search.

Based on their interpretation of First American's rate manual, the plaintiffs assert that if refinancing occurs within ten years of the original mortgage and title search for the same owner and property, the lower reissue rate applies.  They contend that because they met those conditions, they were entitled to the lower reissue rate but were charged the standard rate instead.  The plaintiffs brought their action as a putative class action and proposed a class of New Hampshire residents who were similarly situated to them.

On September 7, 2007, the parties filed a joint motion for approval of their settlement of the class action.  Because their memorandum in support of the motion was filed as the tenth attachment to the joint motion rather than the first attachment, as required by this district's Administrative Procedures for Electronic Case Filing, Rule 2.3(e), the court overlooked the memorandum and ordered the parties to provide additional briefing on class certification.  That order was vacated when the memorandum in support of the parties' motion was discovered.  Nevertheless, the parties requested leave to file a supplemental

2

memorandum to address the requirements of class certification in
more detail, and that request was granted.  The proposed class is
defined in the parties' stipulation as:

> all owners of New Hampshire property who, during the
> Class Period, refinanced mortgages on such property
> within ten years after the date of the issuance of a
> prior lenders policy of title insurance insuring a
> mortgage covering the same property, where there was no
> change in ownership, and who paid a premium for a
> lenders policy of title insurance issued by First
> American in an amount in excess of the Reissue Rate.

Stipulation ¶ 8.


## Discussion

Once a class is certified, any settlement of the action must
be approved by the court based on certain criteria and after
specified procedures have been followed.  Fed. R. Civ. P. 23(e).
In this case, however, the parties seek class certification for
purposes of settlement only.  Therefore, class certification must
be resolved before the terms of the settlement can be addressed
for purposes of Rule 23(e).

When the parties seek certification for purposes of a
settlement, "the moment of certification requires heightened
attention . . . to the justifications for binding the class
members." Ortiz v. Fibreboard Corp., 527 U.S. 815, 849 (1999).
The parties must show that the proposed class satisfies the

requirements of Federal Rule of Civil Procedure 23, not merely that the settlement is fair.  Id.; Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 621-627 (1997).  "To obtain class certification, the plaintiff must establish the four elements of Rule 23(a) and one of the several elements of Rule 23(b)."  Smilow v. Southwestern Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003).

I.   Elements of Rule 23(a)

      The four elements of Rule 23(a) are "numerosity of class members, common questions of law or fact, the representative must be typical of the class, and his or her representation of the class must be adequate."  Tardiff v. Knox County, 365 F.3d 1, 4 (1st Cir. 2004); accord Berenson v. Nat'l Fin. Servs. LLC, 485 F.3d 35, 38 (1st Cir. 2007).

      A.   Numerosity

      To satisfy the numerosity requirement, the class representatives must show that joinder of the potential class members would be impracticable.  Fed. R. Civ. P. 23(a).  Whether joinder is impracticable depends on the particular facts and circumstances of the case, not merely on the number of potential class members.  Andrews v. Bechtel Power Corp., 780 F.2d 124, 131

4

(1st Cir. 1985).  In the context of securities class action
litigation, numerosity of shareholders who are potential class
members may be presumed based on evidence of a large number of
shares traded.  In re Sonus Networks, Inc. Secs. Litig., 2007 WL
2826622 at *4 (D. Mass. Sept. 25, 2007).

In this case, the parties base their numerosity showing on
plaintiffs' counsel's belief, founded on his investigation into
First American's activities in New Hampshire, that First American
overcharged "thousands of unsuspecting New Hampshire consumers."[1]
Am. Compl. ¶ 30(a).  Counsel explains that First American has
charged more than $50 million in title insurance premiums in New
Hampshire and that "[m]ost of these refinance transactions fit
First American's Reissue rate classification."  Id.  The
plaintiffs acknowledge, however, that First American did use the
reissue rate in some of the transactions.  In their supplemental
memorandum, the plaintiffs urge that common sense would suggest

---

[1]In their memorandum in support of their joint motion, the
parties quote an unidentified "Order, p. 18" for the proposition
that "[t]he estimated 30,000 potential class members 'overwhelms
any workable prospect of joinder.'"  Mem. at 17.  Because that
source is not identified, the court does not credit the number of
potential class members cited.  The plaintiffs also state that
they "reasonably believe, based upon their investigations in this
and other title insurance cases, that at least 40% of the
applicants' transactions did not qualify for the reissue rate . .
. ."  Therefore, the memorandum does not provide consistent
support for the numerosity requirement.

that "the number of consumers entitled to the reissue rate discount would be quite high, and certainly more than the handful discovered to date."  Supp. Mem. at 5.

The unsubstantiated grounds provided by the plaintiffs for finding numerosity are insufficient.  There is no evidence of any kind as to how many class members there might be.  Even if it would be appropriate, for purposes of the numerosity requirement, to credit counsel's belief that thousands of New Hampshire consumers were overcharged by First American, that guess would undermine the analysis under Rule 23(e).  The parties' settlement proposes to award qualified claims from the Settlement Fund, which is limited to $166,666, so that the number of class members will directly affect how much each class member is awarded.[2] Therefore, additional proof of the number of potential class members is needed, first, to determine numerosity, and second, to review the proposed settlement under Rule 23(e).

---

[2]For example, if 30,000 were credited as the number of potential class members and if the plaintiffs' estimate that each class member would have a claim of about "a couple of hundred dollars" were also credited, the total amount of the claims would be approximately $6,000,000, which far exceeds the limited settlement fund of $166,666.

B.  <u>Commonality</u>

The class must share common questions of law or fact.  Fed. R. Civ. P. 23(a)(2).  Commonality can be satisfied by a single common legal or factual issue, making it an easily satisfied prerequisite.  <u>In re Sonus Networks, Inc. Sec. Litig.</u>, 2007 WL 2826622 at *4 (D. Mass. Sept. 25, 2007).  "All questions of fact and law need not be common to satisfy the rule."  <u>In re Neurontin Marketing & Sale Practices Litig.</u>, 244 F.R.D. 89, 105 (D. Mass. 2007).

In this case, as proposed, all of the potential class members would have been subject to the same process of applying for and obtaining title insurance through forms from First American as were the named plaintiffs.  They would all have been charged the full premium for title insurance rather than the lower rate applicable to a reissued title.  First American's standardized forms and conduct provide ample common facts.

C.  <u>Typicality</u>

The class representatives' claims must be typical of the class's claims.  Fed. R. Civ. P. 23(a)(3).  Class members need not share identical claims.  <u>In re Neurontin</u>, 244 F.R.D. at 106. Instead, typicality is determined by considering the defendant's actions toward class members and the evidence necessary to prove

the representative's claim when compared to class members' claims.  Id. at 106-07.

The claims of the class members and the representative plaintiffs arise from the same course of conduct used by First American in charging the full premium rate when the reissue rate would have applied.  The parties contend that to prove that the plaintiffs and the class members were entitled to the reissue rate, the plaintiffs would have had to show that First American's agents conducted abbreviated title examinations in each transaction.  As such, the plaintiffs' claims are typical of the class.

    D.  Adequate Representation

The class representatives must be able to fairly and adequately protect the interests of the class.  Berenson, 485 F.3d at 38.  The representatives must share the interests of the class as a whole and show that their interests do not conflict with the interests of any class members.  Andrews, 780 F.2d at 130.  In addition, part of the adequacy inquiry is to consider the "competency and conflicts of class counsel."  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n.20 (1997).  "An essential ingredient of this requirement is that the class representative's attorneys be qualified to vigorously and adequately prosecute the

interests of the class."  <u>Key v. Gillette Co.</u>, 782 F.2d 5, 7 (1st Cir. 1986).

The named plaintiffs have demonstrated that their counsel is experienced in consumer class action litigation, including cases involving the same or similar claims as the claims brought here, and is qualified to represent the class.  As is demonstrated in the context of commonality and typicality, the plaintiffs share the interests of the proposed class members.  The parties' stipulation, however, provides for a class representative's fee of $3,000 to each couple.  If the settlement fund were to be insufficient to cover the claims of all class members, the named plaintiffs' right, under the stipulation, to their fees, would conflict with the other members of the class.  That issue cannot be resolved unless and until the number of likely class members is demonstrated.

II.  <u>Rule 23(b)</u>

The parties seek certification under Rule 23(b)(3), which is satisfied "if . . . the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  In making that

determination, the court is to consider, among other things, the interest of members in controlling separate actions, whether other litigation of the same claim is pending, the desirability of the forum, and the difficulties of proceeding as a class action.  Id.  When class certification is for settlement purposes only, the court need not consider class management problems. Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 298 (1st Cir. 2000).

Rule 23(b)(3) requires that common issues predominate, not that all issues be common to all class members.  Smilow, 323 F.3d at 39.  Common questions as to liability satisfy the predominance requirement.  Id. at 40.  Affirmative defenses available against some but not all class members and individual damages determinations that can be accomplished with objective criteria and computer records do not undermine class certification.  Id. at 39-40.  When individual claims would be too small to litigate separately, a class action is the superior method of litigation. Id. at 40.

In this case, First American's liability to each of the class members would depend upon the same issue: whether the applicant was eligible for the reissue rate but was charged a higher premium for First American title insurance.  Eligibility for the reissue rate would be determined based on objective

criteria contained in files and records.  The plaintiffs state
that the class also shares common issues about "whether the
Defendant's protocols, guidelines, and oversight of its agents,
[sic] precluded the class from receiving the reissue rate
discounts to which they were entitled."  Supp. Mem. at 12.
Because those issues are not explained, the court cannot
determine whether they are common issues or would raise the
possibility of individual defenses.

       The parties acknowledge that but for their settlement, First
American would oppose class certification.  First American would
contend that the reissue rate was merely discretionary, not
mandatory.  First American would also contend that individual
determinations of potential class members' eligibility for the
reissue rate would require investigations into tens of thousands
of files which are held by First American's agents and that
individual investigations would make the proposed class
unmanageable.  On the other hand, it appears that the parties
intend to identify potential class members for purposes of
sending notice, which may reduce the individualized issues that
First American was anticipating.

       The parties paid little attention to the class certification
requirements, which is a necessary prerequisite to approval of
their settlement.  Given the apparent disparity between First

American's view of the issues that would be raised by certifying a class and the plaintiffs' view and the lack of development of those issues, class certification is not appropriate based on the present filings.

III.   Rule 23(c)

The parties provide a draft notice to the class, which would be required under Federal Rule of Civil Procedure 23(c)(2)(B), if and when the class is certified.  The requirements of Rule 23(c) will be considered after a determination is made on class certification.

Conclusion

For the foregoing reasons, the parties' joint motion for preliminary approval (document no. 51) is denied without prejudice to refile.  Within **thirty days** of the date of this order, the parties shall file a motion for certification of the class for settlement purposes, addressing, in particular, the requirements of numerosity and typicality under Rule 23(a) and

the requirements of 23(b)(3), which they failed to satisfy.

Approval of the proposed settlement can be considered only after

the question of class certification is resolved.


        SO ORDERED.



                                    _____
                                    Joseph A. DiClerico, Jr.
                                    United States District Judge

November 29, 2007

cc:  Christopher D. Baucom, Esquire
     Elizabeth T. Ferrick, Esquire
     Wilbur A. Glahn, III, Esquire
     Douglas W. King, Esquire
     Charles A. Newman, Esquire
     Edward K. O'Brien, Esquire