UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


James and Sue Scott, and
Stephen and Ellen St. Louis

        v.                              Civil No. 06-cv-286-JD

First American Title
Insurance Company


O R D E R


    Most recently, the parties' renewed joint motion for
preliminary approval of a settlement class and of the parties'
settlement stipulation was denied due to an insufficient showing
that the named parties would be adequate representatives of the
class.  In particular, the court held that because the agreed
amount of attorneys' fees and administrative costs, along with
the representative fees to be paid to the named plaintiffs,
totaled almost 50% of the maximum settlement fund, the adequacy
of representation depended on the number in the class who would
be eligible to receive awards.  The parties have now filed an
amended stipulation to address the issue of the named parties'
"Class Representative Fee."

A.   Class Certification

     The parties' third amendment to their settlement stipulation
changes Section V(B)(6) that provides for fees to the class
representatives as part of the settlement.  Previously, First
American Title Insurance agreed to pay $3,000 to James and Sue
Scott and $3,000 to Stephen and Ellen St. Louis as "incentive
awards."  Their amendment states that the Scotts and St. Louises
will apply for court approval of up to $3,000 for each couple as
class representative fees.  First American agrees not to object
to that application.  The parties also agree that the class
representative fees will not be paid out of the minimum
settlement fund but did not change the amount of First American's
maximum liability.

     As the court noted in its previous order, First American's
total liability under the proposed settlement agreement is capped
at $330,200 which includes the settlement fund, administrative
expenses, class representative fees, costs, expenses, attorneys'
fees, and another charge.  The agreed administrative costs of
$74,200, attorneys' fees of $83,333, and the class
representatives' fees of $6,000 total $163,533.  When that amount
is subtracted from First American's maximum liability of
$330,200, the remaining amount is $166,667.  Therefore, as noted
in the prior order, the total amount of administrative costs,

attorneys' fees, and representative fees is nearly half of the settlement amount.

In their current motion, the parties address only the representatives fees, not the question of whether the named plaintiffs have a potential conflict with the class because of the potentially disproportionate amount of proposed attorneys fees and administrative costs.  Therefore, the issues raised in the last order have not been resolved.

Certification of the class for settlement purposes and preliminary approval of the settlement in this case has consumed nearly nine months of litigation.  The proposed settlement class could be certified, but for the question of the representatives' potential conflict with the interests of the putative class due to the amount of fees and costs agreed to in the stipulation. That amount may or may not cause a conflict depending on how many eligible claims are filed.

The named plaintiffs are adequate representatives of the class if the potential conflict does not arise.  As all other parts of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied, to move the process forward, the settlement class may conditionally certify the class for settlement purposes, pending final approval of the settlement stipulation.  See Denney v. Deutsche Bank AG, 443 F.3d 253, 269-70 (2d Cir. 2006); Fed. R.

Civ. P. 23(c)(1)(C).  To enter a class certification, however,
certain other issues must also be addressed.


B.    Defining the Class, Class Claims, and Counsel

An order certifying a class must also define the class and
the class's claims, issues, and defenses, and must appoint class
counsel.  Fed. R. Civ. P. 23(c)(1)(B).


1.  Class Definition

In their proposed settlement agreement, the parties define
the class as follows:

> "Class" or "Class Members" means all owners of New
> Hampshire property who, during the Class Period,
> refinanced mortgages on such property within ten years
> after the date of the issuance of a prior lenders
> policy of title insurance insuring a mortgage covering
> the same property, where there was no change in
> ownership, and who paid a premium for a lenders policy
> of title insurance issued by First American in an
> amount in excess of the Reissue Rate.

Section V(A)(8).  They have since amended the definition of
"Class Period" to mean "the period of time from June 30, 2003
through December 31, 2007."  Notice of Amendment, Dkt. no. 66.
The parties' class definition is approved for purposes of
conditional certification of the class.

2.   <u>Claims and Issues</u>

The class contends that First American improperly charged a standard rate for title insurance to home owners who refinanced their mortgages and were eligible for a lower reissue rate.  The class's claims in this case are that in charging the standard rate First American breached the implied covenant of good faith and fair dealing and was unjustly enriched.  For purposes of settlement only, no other issues or defenses are asserted.

3.   <u>Appointing Class Counsel</u>

Federal Rule of Civil Procedure 12(g) requires the court to appoint class counsel at the time a class is certified and provides a list of matters the court must consider and some that the court may consider in appointing counsel.  The parties moved to have the plaintiffs' counsel, the O'Brien Law Firm, P.C., appointed, conditionally, as class counsel.  The parties do not appear to have addressed the question of appointing class counsel in any detail in their memoranda in support of their motions for approval of the proposed settlement.  Although an affidavit filed by Attorney O'Brien in support of the first motion may address at least some of the Rule 23(g) factors, the court declines to make counsel's arguments on his behalf.

    4.  <u>Notice</u>

      The parties filed a proposed notice with their first motion.
In light of the passage of time and intervening events that may
affect the proposed notice, the proposed notice should be
refiled, along with any additional documents or proposed rulings.

C.  <u>Preliminary Approval of the Settlement Stipulation</u>

      All settlements of class action litigation require judicial
approval.  Fed. R. Civ. P. 23(e).  Final approval of a settlement
that would bind class members must be based on a finding that the
settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P.
23(e)(2).  For purposes of preliminary approval, the court must
determine whether the proposed settlement appears to meet that
standard and, therefore, whether the settlement is within the
range of possible approval.  <u>See, e.g.</u>, <u>Bernal v. Am. Money
Ctrs., Inc.</u>, 2008 WL 410658 at *1 (E.D. Wis. Feb. 12, 2008).  In
making a preliminary determination, the court considers whether
the settlement is collusive between the parties or, instead, was
reached through arms length negotiation.  <u>See</u> <u>Tenn. Assoc. of
Health Maintenance Orgs., Inc. v. Grier</u>, 262 F.3d 559, 565 (6th
Cir. 2001); <u>see also</u> <u>Mehling v. N.Y. Life Ins. Co</u>, 246 F.R.D.
467, 472 (E.D. Pa. 2007); <u>Smith v. Prof. Billing & Mgt. Servs.,</u>

Inc., 2007 WL 4191749 at *1 (D.N.J. Nov. 21, 2007) (citing In re
Gen. Motors Corp., 55 F.3d 768, 785 (3d Cir. 1995)).

Litigation in this case demonstrates that the parties have
been adversaries from its inception.  First American moved to
dismiss the plaintiffs' second amended complaint, and the
plaintiffs objected.  The plaintiffs' breach of contract claim
was dismissed, leaving their claims of breach of the duty of good
faith and fair dealing and of unjust enrichment.  The plaintiffs
moved to remand the case to state court, contending that the
amount in controversy was insufficient to satisfy subject matter
jurisdiction.  That motion was denied.  The plaintiffs filed a
third amended complaint, and First American moved to dismiss on
the ground that the plaintiffs failed to join indispensable
parties.  That motion was denied in May of 2007.  In September of
2007, the parties reached a settlement.

The question of whether the proposed settlement is fair,
reasonable, and adequate cannot be finally determined until the
number of eligible class members is final.  The proposed
settlement, as amended, appears to be sufficiently within the
range of a fair, reasonable, and adequate settlement to go
forward with notice.  The parties have not filed a proposed
settlement as amended, however.  Therefore, several matters
remain to be addressed before conditional class certification for

settlement purposes,  preliminary approval of the settlement, and notice can be resolved.


Conclusion

For the foregoing reasons, the parties' renewed joint assented to motion for preliminary approval (document no. 69) is denied without prejudice to file a properly supported motion and memorandum, addressing all remaining matters necessary for class certification and preliminary approval.  With a motion and memorandum for class certification and preliminary approval, the parties shall address the requirements for appointing class counsel and notice and shall submit, as exhibits, (1) the proposed settlement agreement with all amendments incorporated, (2) proposed notice to potential class members and other required notice, (3) proposed claim and exclusion forms, and (4) any other exhibits that pertain to the remaining issues.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

June 24, 2008

cc:  Christopher D. Baucom, Esquire
     Elizabeth T. Ferrick, Esquire
     Wilbur A. Glahn, III, Esquire
     Douglas W. King, Esquire
     Charles A. Newman, Esquire
     Edward K. O'Brien, Esquire