UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


James Scott, et al.

    v.                                    Civil No. 06-cv-286-JD

First American Title
Insurance Company


O R D E R

The plaintiffs, James and Sue Scott and Stephen and Ellen
St. Louis, brought a putative class action against First American
Title Insurance Company, alleging breach of the duty of good
faith and fair dealing and unjust enrichment.  After a year of
litigation, the parties reached a settlement.  The parties have
renewed their joint motion for preliminary approval of a
settlement class and of their settlement stipulation.  In support
of their motion, the parties filed their proposed stipulation
with three amendments, an unsigned copy of a release to be signed
by the representative plaintiffs, a notice of the case to
potential class members, a claim form, an exclusion form, a
proposed order granting preliminary approval of the stipulation,
a proposed final order and judgment, a proposed summary notice of
the class action and final hearing, and three declarations
related to the numbers of potential claimants.

I.  Preliminary Class Certification

     A.  Class Definition

     The parties have agreed to a definition of the conditional
class for settlement purposes.  Although the parties cite Section
V(B)(8) of the Stipulation for their agreed class definition, the
cited section pertains to discovery.  The agreed definition is
instead found in the definitions section of the Stipulation, as
follows:

> "Class" or "Class Members" means all owners of New
> Hampshire property who, during the Class Period,
> refinanced mortgages on such property within ten years
> after the date of the issuance of a prior lenders [sic]
> policy of title insurance insuring a mortgage covering
> the same property, where there was no change in
> ownership, and who paid a premium for a lenders policy
> of title insurance issued by First American in an
> amount in excess of the Reissue Rate.
>
> "Class Period" means the period of time from June 30, 2003,
> through December 31, 2007.

Stipulation, V(A)(8) & (9).


     B.  Class Claims and Defenses

     The plaintiffs represent that institutional mortgage lenders
require mortgage insurance to protect the security of their
loans.  When a homeowner refinances a recent mortgage, the
insurer relies on the prior policy and conducts only an
abbreviated title examination.  Because of the shortened process,

insurers offer a reduced premium rate for refinancing recent mortgages.

The plaintiffs allege that First American offered a lower "reissue" rate for mortgage insurance when borrowers refinanced their mortgages within ten years of the original mortgage.  They also allege that their transactions, refinancing mortgages, were eligible for First American's lower reissue rate but they were charged the full standard rate.  They contend that by charging them the full rate, First American breached the implied covenant of good faith and fair dealing, or alternatively, that First American was unjustly enriched by the excess premium charges.

First American denies all wrong doing and liability and asserts that its practices complied with New Hampshire law.  In addition, First American contends that the named plaintiffs do not have valid claims because they did not produce their prior policies when they refinanced their mortgages and that its agents were not required to provide the reissue rate.  Although First American has agreed to the conditional class for purposes of settlement only, it otherwise contests certification of a class because individual investigations would be required as to each transaction, making the proposed class unmanageable.

C.  Class Certification Requirements

In response to the parties' previous motions, the court has determined that the requirements of Federal Rule of Civil Procedure 23(a) have been satisfied as to numerosity, commonality, and typicality.  The court also determined that the proposed class met the requirements of Rule 23(b)(3).  The question of whether the adequacy requirement under Rule 23(a) was satisfied remained to be resolved, because of the potential for a conflict of interest based on the size of the settlement fund.

Under the proposed stipulation, the settlement fund would initially hold $166,666.  In addition, First American would also pay administrative costs of $74,200, attorneys' fees of $83,333, and $6,000 to the class representatives.  First American's total liability under the settlement would be capped at $330,200, unless the total amount of claimant shares exceeded $333,333.  A claimant share is the difference between the premium paid by the class member and the applicable refinance rate.

Class members would receive 100% of their claimant shares only if the total amount of the claimant shares does not exceed $166,666.  If the total exceeds $166,666 but is less than $333,333, the claimant shares would be reduced on a pro rata basis so that the total amount would be no more than $166,666. Under that calculation, the claimant shares could not be reduced

4

more than 50%, so that class members would receive at least 50% of their claimant shares.  If the total amount of claimant shares exceeds $333,333, each share would be reduced by 50%, and First American would have to supplement the settlement fund to pay the additional amounts.  The cap on First American's maximum liability, provided in the amendment to Section V(B)(2), does not apply if the total amount of claimant shares exceeds $333,333.

Originally, the named plaintiffs were to receive representative fees of $3,000 for each couple.  That provision has been changed to allow the named representatives to apply to the court for representative fees.  The change, which puts the named plaintiffs on equal footing with other class members unless the court decides that the representative fee is appropriate, removes the conflict issue as to payment of the representative fees.

As construed, the proposed conditional class for purposes of settlement meets the requirements of Rule 23(a) and Rule 23(b)(3).


D.  Class Counsel

Generally, the court must appoint class counsel when a class is certified.  Fed. R. Civ. P. 23(g)(1).  In the process of appointing class counsel, the court must consider the factors

5

provided in Rule 23(g)(1)(A), may consider other pertinent factors, and must determine that class counsel will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1), (2), & (4).  The required considerations are the work counsel has done to identify or investigate potential claims; counsel's experience in complex actions, class actions, and similar cases; counsel's knowledge of the applicable law, and the resources that will be committed to the case.  Fed. R. Civ. P. 23(g)(1)(A).

The plaintiffs' counsel is Edward K. O'Brien of the O'Brien Law Firm, PC.  O'Brien has had prior experience representing banks and mortgage companies in regulatory matters.  He now focuses on representing consumers in challenges to lending and business practices in both individual and class actions.  He lists more than fifty class action cases in which he represented consumer plaintiffs.  O'Brien states in his affidavit that he also stays informed of similar cases pending in other states.

In connection with mortgage insurance reissue rate cases, O'Brien and his associate reviewed mortgage and title records online to determine whether the transactions were eligible for the reissue insurance rate, reviewed HUD settlement statements, interviewed title insurance agents about insurance transactions, and interviewed the plaintiffs and other potential class members.

6

Based on his research, O'Brien decided to pursue a statewide class action of homeowners seeking relief from First American's practices with respect to insurance on mortgage refinancing.

O'Brien states that he has and will continue to contribute substantial resources to this case.  In addition, under the terms of the parties' settlement stipulation, First American agrees to provide $74,200 for an "Administration Fund" that O'Brien will use to pay the costs of notice and other mailings to the class and to administer the settlement.  The O'Brien Law Firm is responsible for any costs in excess of the fund provided by First American.

The plaintiffs have satisfied the requirements of Rule 23(g)(1)(A).  The O'Brien Law Firm is appointed as class counsel for the purpose of providing notice and other mailings to potential class members and administering the settlement.

E.   <u>Conditional Class Certification</u>

The proposed class is conditionally certified for purposes of settlement only, without prejudice to First American's right to contest class certification if the proposed settlement, contained in the parties' stipulation, is not fully implemented.

II.  <u>Preliminary Approval of Proposed Settlement</u>

As discussed in the court's order issued on June 24, 2008, a proposed settlement of a class action may be given preliminary approval if the settlement appears to be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  For purposes of preliminary approval, the court considers whether the proposed settlement is illegal or collusive.  <u>Tenn. Assoc. of Health Maintenance Orgs., Inc. v. Grier</u>, 262 F.3d 559, 565 (6th Cir. 2001).  If the proposed settlement appears to meet the standard of being fair, reasonable, and adequate, it may be approved, preliminarily, as within the range of possible approval.  <u>See Colella v. Univ. of Pittsburgh</u>, 569 F. Supp. 2d 525, 527 (W.D. Pa. 2008).

In this case, the court is satisfied that the proposed settlement is neither illegal nor collusive.  The structure of payment of class shares, which guarantees a share that is at least 50% of each class member's loss, appears to be fair, reasonable, and adequate.  Because the representative fee to be paid to the named plaintiffs is now left to the discretion of the court, that provision does not unfairly favor the named parties.

Therefore, the proposed settlement is granted preliminary approval.

III.   <u>Settlement Notice, Forms, Summary Notice</u>

When parties propose a settlement of a class action, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1).  In addition, due process requires that notice be "reasonably calculated to reach interested parties."  <u>Fidel v. Farley</u>, 534 F.3d 508, 513 (6th Cir. 2008) (internal quotation marks omitted).  For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  Notice for a Rule 23(b)(3) class must

> clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The plaintiffs propose to provide individual notice to potential class members.  After a succinct statement of the potential for payment and a warning of the effect of the

settlement, the notice addresses potential class members as
follows:

> TO:  ALL OWNERS OF NEW HAMPSHIRE PROPERTY WHO
> REFINANCED THEIR MORTGAGES BETWEEN JUNE 30, 2003 AND
> THROUGH JULY ___, 2007 AND PAID FOR A LENDERS POLICY OF
> TITLE INSURANCE ISSUED BY FIRST AMERICAN TITLE
> INSURANCE COMPANY AND WERE ELIGIBLE FOR, BUT WHO DID
> NOT RECEIVE A "REISSUE RATE" DISCOUNT ON THE LENDERS
> POLICY OF TITLE INSURANCE.

Exhibit 3, ex. C.  The ending date of the class period should be
changed to December 31, 2007.  Stipulation, V(A)(9).  The notice
provides the definition of class members, which again should have
the class period amended to conform to the stipulation.  The
notice discusses the class's claims and the nature of the action,
in a section titled "What This Lawsuit Is About."  In the section
titled "Summary of the Settlement," the notice explains that
class members will receive between 50% to 100% of the difference
between the amount they paid in premiums and the amount they
should have paid.  The discussion of payment of class
representatives' fees should be amended to indicate that the fees
must be approved by the court.

The proposed notice explains that class members have a right
to attend the final settlement hearing and that they can be
represented by counsel or can represent themselves.  The notice
also addresses exclusion and clearly and understandably explains
the effect of exclusion and the procedure for requesting it.  The

10

binding effect of a class judgment is also explained.

Therefore, the proposed notice meets the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).  The claim and exclusion forms and the summary notice (if the class period dates were changed to conform to the stipulation) are approved.


<u>Conclusion</u>

For the foregoing reasons, the parties' joint motion for preliminary approval (document no. 73) is granted.  Class counsel shall send notice to potential class members as provided in this order.

The final fairness hearing will be held on **Thursday, March 12, 2009, at 10:00 a.m.**


SO ORDERED.

<u>/s/ Joseph A. DiClerico, Jr.</u>
Joseph A. DiClerico, Jr.
United States District Judge

November 5, 2008

cc:  Edward O'Brien, Esq.
     Charles Newman, Esq.
     Christopher Baucom, Esq.
     Douglas King, Esq.
     Elizabeth Ferrick, Esq.
     Wilbur Glahn, III, Esq.