```
          UNITED STATES DISTRICT COURT FOR THE
                 DISTRICT OF NEW HAMPSHIRE
```

James Scott, et al.

    v.                               Civil No. 06-cv-286-JD

First American Title Insurance Company


                            PROCEDURAL ORDER

    The Clerk of Court recently brought the following information to my attention, which it is my duty to disclose to the parties and counsel.

    After the notices were mailed to the potential class members in this class action case, two employees of the Clerk's office informed the Clerk that they had received these notices.  They were Catherine Dube, Jury Administrator, and Gail Adams, CM-ECF Administrator.  Ms. Adams served in my chambers as my secretary from October 15, 1992, to October 30, 2006, at which time she transferred to her current position in the Clerk's office as CM-ECF Administrator.  Since her transfer to the Clerk's office, Ms. Adams has continued to type my financial disclosure report annually based on information that I provide to her.  With respect to Ms. Dube, I have contact with her from time to time concerning jury issues.  My relationship with both of these individuals has been professional in nature and not social.

Under the provisions of 28 U.S.C. § 455(a), "any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Due to the fact that Ms. Adams served as my secretary in chambers for 14 years, and since leaving that position and taking up her position in the Clerk's office, she has continued on an annual basis to type my financial disclosure report, it is my opinion that my professional relationship with her is such that my impartiality might reasonably be questioned in this case.  Therefore, I am required to disqualify myself from further proceedings in this case.  With respect to Ms. Dube, my professional relationship with her occurs on an occasional basis, and therefore, in my opinion, that would not be sufficient to require my disqualification.

Under 28 U.S.C. § 455(e), "where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is proceeded by a full disclosure on the record of the basis for disqualification."  Unless a waiver is obtained from all of the named plaintiffs, the defendant, and all counsel, I intend to disqualify myself in this proceeding because of the circumstances set forth above.  See Code of Conduct for United States Judges, Canon 3C(1) and 3D.

If counsel and their clients wish to waive my disqualification, letters to that effect from each counsel and each client must be received by the CLERK OF COURT, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE, Warren B. Rudman U.S. Courthouse, 55 Pleasant Street, Room 110, Concord, New Hampshire 03301, **no later than January 29, 2009.**

The letters must not be sent to me, and copies must not be sent to other counsel or parties.

If all parties and all counsel submit such waiver letters, all responses will be made part of the record, and I will continue to participate in the proceeding.

If a waiver is not received from all parties and all counsel, all responses will be kept under seal by the Clerk of Court and will not be shown to me, nor will I be informed of the identity of any party or counsel who declined to waive the disqualification.

If the disqualification is not waived, the case will be reassigned to another judge.

It is important that counsel and the parties carefully follow the procedure set forth herein so that the waiver of

disqualification procedure will be independent of my participation.

        SO ORDERED.

                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

January 8, 2009

cc:   Christopher D. Baucom, Esquire
      Elizabeth T. Ferrick, Esquire
      Wilbur A. Glahn, III, Esquire
      Douglas W. King, Esquire
      Charles A. Newman, Esquire
      Edward K. O'Brien, Esquire
      James R. Starr, Clerk of Court