UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


James Scott, et al.

    v.                                            Civil No. 06-286-JD

First American Title Insurance Company


O R D E R

A.   On July 31, 2007, the parties to this class action (the "Action") reached a tentative settlement ("Settlement") and they advised the court of the Settlement on September 10, 2007. Subsequently, the parties submitted a detailed written Stipulation of Settlement with attached Exhibits A through G ("Stipulation").[1]   On November 5, 2008, the court preliminarily approved the proposed Settlement.  The court directed the parties to provide notice of the proposed Settlement to the potential Class Members and scheduled a further hearing to determine

---

[1] The parties filed copies of their Stipulation with their "Joint Assented to Motion for Preliminary Approval of Class Action Settlement Agreement," docket number 73.  As used in this order, "Stipulation" means the parties' Stipulation, filed as Exhibit 3 and docketed as Exhibit 6; Amendment to Stipulation, filed as Exhibit 4 and docketed as Exhibit 7; Second Amendment to Stipulation, filed as Exhibit 5 and docketed as Exhibit 8; Third Amendment to Stipulation, filed as Exhibit 6 and docketed as Exhibit 9; and Conformed Copy of Stipulation of Settlement, filed as Exhibit 7 and docketed as Exhibit 10.  All of the exhibits cited are to the Joint Assented to Motion, docket number 73.

whether the proposed Settlement and request for attorneys' fees and costs are fair, reasonable, and adequate.

B.  On March 12, 2009, the court held a hearing to determine:  (i) whether the proposed Settlement should be given final approval as fair, reasonable and adequate as required by Fed. R. Civ. P. 23(e)(1)(C); (ii) whether a final judgment should be entered as required by the Stipulation and Exhibit F thereto; (iii) whether an incentive award should be made to the Named Plaintiffs as set forth in Section (V)(G) of the Stipulation; and (iv) the amount of OLF's award of attorneys' fees, costs and expenses not to exceed $83,334.  Edward K. O'Brien of O'Brien Law Firm PC appeared for the Named Plaintiff and the Class.  Douglas W. King of BRYAN CAVE LLP and Jennifer Parent, of MCLANE, GRAF, RAULERSON & MIDDLETON, PA appeared for defendant First American Title Insurance Company ("First American").

C.  81 putative class members timely requested exclusion from the class settlement, and one objection (submitted by Terrence Joyce) was filed with respect to the proposed Settlement.

D.  After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and the request for attorneys' fees and costs, and hearing the attorneys for the parties, the court finds, and

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The court has personal jurisdiction over all Class Members and First American, and the court has subject matter jurisdiction to approve the Stipulation (including all exhibits thereto).

2. The Stipulation, including the definitions applicable to the Stipulation, is incorporated by reference into this Final Judgment.

3. The Stipulation and the proposed Settlement are premised upon certain critical agreed assumptions that are indispensable to the Stipulation and make this case appropriate for settlement on a classwide basis including: (a) pursuant to First American's applicable rate manual, the Refinance Rate, as described in Section (V)(A)(28) of the Stipulation, is not discretionary, but rather mandatory; (b) evidence of a prior mortgage on the subject property is sufficient proof that a prior policy of title insurance insures the property; and (c) if a HUD-1 Settlement Statement shows satisfaction of a prior mortgage on the property, it is further presumed that: (i) a prior policy of title insurance insures the property; (ii) there has been no change in fee ownership of the property since the issuance of the prior policy of title insurance; and (iii) the prior policy of title insurance was issued within the last 10 years. These agreed

presumptions have not been adjudicated by this court.

   4.   Pursuant to Fed. R. Civ. P. 23(e), the settlement of this Action, as embodied in the terms of the Stipulation, is hereby finally approved as fair, reasonable and adequate.

   5.   The objection filed by Terrence Joyce is overruled.  Mr. Joyce contends that because the settlement does not require First American to refund the entire premium it collected, the settlement is not fair and reasonable.  Even if the plaintiffs obtained final judgment in their favor, still there is no statutory or common law basis, on the facts as alleged, for the court to order First American to refund the <u>entire</u> premium it collected.  Instead, the disputed amount in this case is the alleged overcharge, which is somewhat less that half of the entire premium collected.  The settlement requires First American to refund between 50% and 100% of the alleged overcharge (depending upon the number of successful claimants).  The settlement is fair and reasonable in this regard, as it is not at all certain that plaintiffs would have recovered anything at all, had this matter gone to final judgment.

   6.   Solely for the purpose of settlement and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the court hereby finally certifies the following Class:

> All owners of New Hampshire property who, during the Class Period June 30, 2003 to December 31, 2007, refinanced mortgages on such property within ten years after the date of the issuance of a prior lenders policy of title insurance insuring a mortgage covering the same property, where there was no change in ownership, and who paid a premium for a lenders policy of title insurance issued by First American in an amount in excess of the Reissue Rate.

7. The above class is certified for settlement purposes only, and the certification should not be construed as an admission by First American with respect to any of the requirements of Fed. R. Civ. P. 23 or the allegations made against it in this action by or on behalf of the members of the Settlement Class.

8. The court appoints James and Sue Scott and Stephen and Ellen St. Louis as Class Representatives, and finds that they meet the requirements of Fed. R. Civ. P. 23(a)(4).

9. The court appoints OLF as counsel for the Settlement Class ("Class Counsel") pursuant to Fed. R. Civ. P. 23(c), and finds that the firm meets the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g)(1)(C).

10. The court appoints OLF as claims administrator.

11. The court finds that:

    a. the above-described Settlement Class contains members so numerous that the joinder of all of them is impracticable;

   b. there are questions of law or fact common to the above-described Settlement Class;

   c. the claims of the Class Representatives are typical of the claims of the Settlement Class that Plaintiffs seek to represent;

   d. the Class Representatives and Class Counsel have fairly and adequately protected the interests of the above-described Class.

 12. The court further finds that certification under Rule 23(b)(3) is appropriate because:

   a. questions of law or fact common to members of the Settlement Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

   b. certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversies between the Settlement Class Members and Defendant.

 13. The court does not make a finding as to the difficulties likely to be encountered in the management of a class action pursuant to Fed. R. Civ. P. 23(b)(3)(D) and is not required to make such a finding pursuant to <u>Amchem Prod., Inc. v. Windsor</u>, 521 U.S. 591 (1997).

14. The parties and their counsel are ordered to implement and to consummate the Stipulation according to its terms and provisions.

15. The Settlement Notice and the notice methodology implemented pursuant to the Stipulation constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth therein to all persons entitled to receive notice, fully satisfied the requirements of due process and Fed. R. Civ. P. 23, and fully and satisfactorily advised potential Class Members of their rights to object to or to exclude themselves from the proposed Settlement.

16. The Action is dismissed on the merits and with prejudice, without an award of fees, costs or expenses to any party except as provided in the Stipulation.

17. The terms of the Stipulation and this Final Judgment are binding on the Named Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings, including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised

in this Action or are otherwise encompassed by the Stipulation including, without limitation, the failure to compute or collect premiums in accordance with the Reissue Rate as defined in Section (V)(A)(28) of the Stipulation.

19. The Named Plaintiffs and all Class Members are deemed to have conclusively released all rights, claims, complaints or causes of action against First American or its agents or any of their predecessors, successors, parents, subsidiaries and related and affiliated entities, and each and all of their respective present and former officers, directors, employees, agents, brokers, attorneys, insurers and representatives, and each and all of their respective successors, heirs and assigns, arising out of, based upon or otherwise related to the Released Claims, and forever discharging First American and the Releasees from all such rights, claims, complaints or causes of action.

19. The Named Plaintiffs and all Class Members and any person or entity acting on their behalf are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, in any state or federal court, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts

and circumstances relating thereto, asserted in the Action or otherwise related to the Released Claims.

20. The parties are authorized, without further approval from the court, to agree to and to adopt such amendments, modifications and expansions of the Stipulation and all exhibits attached thereto which (i) are consistent with the Final Judgment, and (ii) do not limit the rights of Class Members under the Stipulation.

21. The court hereby grants an incentive award of $3,000 to James and Sue Scott, for their time and effort in support of the Action.

22. The court hereby grants an incentive award of $3,000 to Stephen and Ellen St. Louis, for their time and effort in support of the Action.

23. The court hereby grants OLF's request for an award of attorneys' fees, costs and expenses in the amount of $83,334.

24. Without affecting the finality of the Final Judgment, the court shall retain continuing jurisdiction over the Action, and the parties, the class, and the administration and enforcement of the Settlement.  Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the court; provided

however, that nothing in this paragraph shall restrict the ability of the parties to exercise their rights hereunder.

    SO ORDERED.

                                            Joseph A. DiClerico, Jr.
                                            United States District Judge

April 3, 2009

cc:   Christopher D. Baucom, Esquire
      Elizabeth T. Ferrick, Esquire
      Wilbur A. Glahn, III, Esquire
      Terrence Joyce, pro se
      Douglas W. King, Esquire
      Charles A. Newman, Esquire
      Edward K. O'Brien, Esquire